UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 19-cv-80606-SMITH/MATTHEWMAN

SANDRA DAVIS,

    Plaintiff,

vs.

NATIONWIDE INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

### ORDER SUSTAINING NON-PARTY GEICO'S OBJECTION TO PLAINTIFF'S NOTICE OF PRODUCTION FROM NON-PARTY AND GRANTING GEICO'S MOTION TO QUASH SUBPOENA AND/OR FOR A PROTECTIVE ORDER [DE 46]

**THIS CAUSE** is before the Court upon Non-Party Geico's Objection to Plaintiff's Notice of Production from Non-Party and Motion to Quash Subpoena and/or Motion for Protective Order ("Motion") [DE 46][1]. The Motion was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 29. Plaintiff, Sandra Davis ("Plaintiff") has filed a response [DE 48], GEICO has filed a reply [DE 52], and Plaintiff and GEICO have filed a Joint Notice [DE 50] as required by the Court. The Court held a hearing on the Motion via Zoom video teleconference on December 16, 2020, and reserved ruling at the conclusion of the hearing. As such, the matter is ripe for review.

---

[1] All discovery in this case was due to be completed on December 4, 2020. *See* DE 27. This dispute came up at the tail end of discovery, and the Court had to move quickly to resolve the Motion prior to the dispositive motion deadline of January 5, 2021. The Court would have preferred that this issue had been raised much earlier in the discovery process.

1

## I.     BRIEF INTRODUCTION

This is an unusual discovery dispute. In this lawsuit, Plaintiff, Sandra Davis ("Plaintiff"), has alleged claims for Declaratory Relief, Breach of Contract, and Common Law Bad Faith against Defendant, Nationwide Insurance Company of America ("Defendant" or "Defendant Nationwide"). Defendant Nationwide insured Plaintiff, who was the owner of a vehicle involved in an automobile accident which injured a woman by the name of Jennifer Gonzalez Muro.

However, in the pending Motion, Plaintiff seeks discovery not from Defendant Nationwide, but from GEICO, a non-party insurance company, and GEICO's attorneys. GEICO insured the driver (Dawayne McDonald) of Plaintiff's vehicle which was involved in the accident that injured Ms. Muro. Plaintiff's subpoenas seek a very large volume of documents from non-party GEICO and its attorneys' files, including correspondence, notes, internal memoranda, reports, and medical records. Plaintiff argues that the information in non-party GEICO's adjuster and attorneys' files is relevant to its case against Defendant Nationwide. Plaintiff asserts that it requires these documents from GEICO's and its attorneys' files to show that Defendant Nationwide acted in bad faith, that is, that GEICO "settled" the case on behalf of the driver of the vehicle (pursuant to acceptance of a proposal for settlement in the underlying action), whereas Defendant Nationwide failed to settle the case on behalf of the vehicle owner, Plaintiff Sandra Davis.

To complicate matters, neither Plaintiff nor GEICO has identified any cases in this Circuit that specifically deal with the relevancy and proportionality of such discovery to a non-party insurance company under the facts of this case. Nonetheless, the Court will now endeavor to resolve this discovery dispute.

## II.   BACKGROUND

Plaintiff originally sued Defendant Nationwide in the Circuit Court in Palm Beach County. [Compl., DE 1-3]. The Complaint alleged causes of action for Declaratory Relief (Count I); Breach of Contract (Count II) and Common Law Bad Faith (Count III). According to the Complaint, on September 4, 2011, Plaintiff owned a motor vehicle driven by Dawayne McDonald, and Mr. McDonald negligently operated that motor vehicle and collided with Jessica Gonzalez Muro. Ms. Muro suffered injuries. Plaintiff's Nationwide auto insurance policy did not carry bodily injury liability insurance that would be sufficient to fully and/or adequately compensate Ms. Muro for her damages, and Defendant Nationwide allegedly failed to settle the claim. The case proceeded to trial and verdict, and Ms. Muro obtained a jury verdict on July 14, 2015, against Plaintiff in the amount of $600,000. According to Plaintiff, the court entered a Final Judgment against Plaintiff in the amount of $650,000 based upon Nationwide's rejection of the proposal for settlement.

The case was later removed to this Court. [DE 1]. On November 14, 2019, Judge Smith found abatement of Plaintiff's bad faith claim to be proper pending resolution of the cross-appeals of the Amended Final Judgment on Attorney Fees and Costs. He stayed the case until April 27, 2020, or earlier if the cross-appeals of the Amended Final Judgment on Attorney Fees and Costs were resolved. [DE 33]. After extensions of that deadline, Judge Smith lifted the stay on September 24, 2020, because the appeals process had concluded. [DE 41].

## III.   THE PENDING DISCOVERY DISPUTE

Non-Parties, Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company (collectively "GEICO")[2]

---

[2] The parties agreed to limit Plaintiff's requests in the subpoena directed toward the GEICO entities to only GEICO Indemnity Company, which was the GEICO entity involved in the underlying litigation. *See* DE 50. This agreement had no effect on the second subpoena to the law firm.

3

object to Plaintiff's Subpoenas and Notices of Production from Non-Party directed to Non-Party GEICO and GEICO's employees, and The Law Office of Jeffrey Hickman, GEICO Staff Counsel ("the Hickman Firm"). They also move to quash the subpoenas and/or for a protective order. [DE 46].

The subpoena served on GEICO [DE 46-1] seeks: (1) any and all correspondence and/or emails related to the above referenced accident, claim, and resulting lawsuit; (2) any and all internal memorandums, notes, reports, and/or documents relating to the above referenced accident, claim, ad [sic] resulting lawsuit; and (3) all medical records or external records pertaining to Jessica Muro. The subpoena is limited in time from the date of the accident to May 21, 2012, the date Mr. McDonald accepted a proposal for settlement in the underlying action (and also the date that Mr. McDonald was no longer a litigant in the underlying action as Ms. Muro's GEICO claim was resolved).

On November 12, 2020, Plaintiff served on the Hickman Firm a subpoena [DE 46-3], seeking (1) any and all correspondence and/or emails related to the above referenced accident, claim, and resulting lawsuit; (2) any and all internal memorandums, notes, reports, and/or documents relating to the above referenced accident, claim, ad [sic] resulting lawsuit; and (3) all medical records or external records pertaining to Jessica Muro. The Hickman Firm, an employee of GEICO General Insurance Company, was referred the defense of Mr. McDonald in the underlying action by GEICO Indemnity Company, Mr. McDonald's insurer.

GEICO and its attorneys object to producing the documents and information sought on the grounds of relevancy, attorney-client privilege, work-product protection, overbreadth, and undue burdensomeness. [DE 46]. In response, Plaintiff argues that the information in GEICO's adjuster and attorneys' files is relevant to the claims alleged against Defendant Nationwide in Plaintiff's

4

Complaint, and particularly to her bad faith claim, as such information shows whether Defendant Nationwide had a realistic opportunity to settle the claims against its insured within the applicable policy limits, and whether Ms. Muro was willing to settle her bodily injury claim within Defendant's $25,000 policy limits. In other words, Plaintiff argues that, since non-party GEICO's actions were based upon the same information that Defendant Nationwide had regarding the same claim brought against the same type of policy, the information is relevant to the common insurance industry practice. Plaintiff additionally argues that GEICO's remaining objections are without merit. [DE 48].

## IV.     THE PROPER RELEVANCY STANDARD

"While Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules. *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). Thus, in considering a Rule 45 subpoena discovery dispute, the Court applies the relevancy and proportionality standards in Rule 26(b)(1). *Stolfat v. Equifax Info. Servs., LLC*, No. 19-80428-CV, 2019 WL 3779778, at *2 (S.D. Fla. Aug. 12, 2019); *Malhomme v. Benet*, No. 16-81989-CIV, 2017 WL 7794293, at *1 (S.D. Fla. Apr. 13, 2017).

In Plaintiff's response, she cites to the wrong standard of discovery under Federal Rule of Civil Procedure 26. [DE 48, p. 2]. She improperly relies on an outdated section of Rule 26 to support her broad discovery demands and relies on a 2013 case that preceded the December 1, 2015 amendments to the Rules. Specifically, she recites the standard that "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible … of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." [DE 48, p. 2]. As further explained below, the current standard requires a different showing of relevancy and

proportionality. The Court rejects Plaintiff's reliance on an outdated discovery standard under Rule 26.

Currently, Federal Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1). However, Rule 26(b) allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 15–2599–MD–Moreno, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, 2075 *Year–End Report on the Federal Judiciary 6* (2015)); *Reuter v. Physicians Cas. Risk Retention Group*, No. 16-80581-CV, 2017 WL 395242, at *2 (S.D. Fla. Jan. 27, 2017). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Office Depot, Inc. v. Elementum Ltd.*, No. 9:19-CV-81305, 2020 WL 5506445, at *3 (S.D. Fla. Sept. 14, 2020) (citing *Tiger v. Dynamic Sports Nutrition, LLC*, Case No. 6:15-cv-1701-ORL-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

Thus, under the current version of Rule 26(b)(1), relevancy and proportionality are tied to the claims and defenses in Plaintiff's pending lawsuit, and this Court will determine this discovery dispute under that correct legal standard.

## V. THE LAW ON PROTECTIVE ORDERS

Federal Rule of Civil Procedure 26(c) provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted). In evaluating whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth*, 758 F.2d at 1547). "Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order." *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037-CIV, 2008 WL 11332027, at *4 (S.D. Fla. July 8, 2008) (citing *Dunford v. Rolly Marine Service, Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005)).

## VI. ANALYSIS

GEICO has cited several cases from the Southern and Middle Districts of Florida involving very similar facts in which the courts have found the documents of a non-party insurer to be inadmissible for purposes of comparing claims handling to that of a defendant-insurer. For example, in *Johnson v. Geico Gen. Ins. Co.*, 318 F. App'x 847 (11th Cir. 2009), the court found as follows:

> As the district court noted in denying Insureds' discovery requests seeking production of the UM claim file maintained by Geico, the UM claim was a claim

> based on the insurance contract between Staley and Geico; the BI claim was based on the insurance contract between Insureds and Geico. The two contracts and the two claim files were unrelated; the interactions between Pelino and the UM adjuster and the interactions between Pelino and the BI adjuster were different. The inquiry here is whether Geico acted reasonably in handling the BI claim in the light of the totality of the circumstances.

*Id.* at 850.

Plaintiff tries to distinguish *Johnson* on the basis that, in that case, there was no evidence that the adjusters had the same training, had the same information/medical records, and should have reached the same conclusion (all factors Plaintiff says exist in the instant matter). However, this argument is not persuasive. Plaintiff further argues that *Johnson* is distinguishable because it involved an uninsured motorist ("UM") claim handled based on the insurance contract between a non-party and GEICO versus a bodily injury claim based on the insurance contract between the insureds and GEICO, while the case at hand involves two bodily injury claims. This is a distinction without a difference.

Furthermore, in *Hilson v. GEICO Gen. Ins. Co.*, No. 811CV00013MSSMAP, 2013 WL 12156414, at *1–2 (M.D. Fla. Aug. 13, 2013), the court granted the plaintiffs' motion to exclude evidence pertaining to the handling of Inez Johnson's (the person injured in the car crash) claim by The Hartford Insurance Company, her Uninsured Motorist Carrier. The court cited to *Mendez v. Unitrin Direct Property & Casualty Insurance Company*, 622 F. Supp. 2d 1233 (M.D. Fla. 2007), and found that Hartford's handling of Johnson's claim may confuse the jury. The court in *Moore v. GEICO*, 2017 WL 565028 *1 (M.D. Fla. Feb. 13, 2017) made a similar ruling.

The Court fully recognizes that these four cases primarily discuss admissibility rather than discoverability and that neither party has identified any cases dealing directly with discoverability. Plaintiff's counsel argued at the hearing that the type of discovery being sought in this case must be allowed if there are so many cases discussing the admissibility of such discovery. In other

words, documents must have been provided from the non-party insurers to the plaintiffs during discovery in these cases or the plaintiffs could not have tried to admit the evidence at trial. However, the dearth of cases on the discoverability of documents subpoenaed from a non-party insurer to attempt to prove liability of a defendant-insurer could simply mean that the non-parties have chosen to voluntarily comply with the subpoenas to avoid litigation or that the plaintiffs have opted not to pursue such discovery or compel production when the non-party insurers have failed or refused to respond. There could be other reasons as well. However, when the law on relevancy and proportionality is read in conjunction with the law finding discovery from a non-party insurer to be inadmissible, it is clear that the discovery sought from GEICO and its counsel is irrelevant and disproportionate[3] under Rule 26(b)(1).

Plaintiff assertedly seeks the subpoenaed documents from non-party GEICO and its attorneys to show that Defendant Nationwide acted in bad faith; however, Plaintiff already knows that GEICO "settled" with the driver of the automobile and paid its policy limits of $10,000. Since Plaintiff already has that information, she cannot establish relevancy or proportionality for delving into GEICO's and its attorneys' claim and litigation files. Comparing claims handling of two insurers is of very little relevance, especially where, as here, there are different insurance policies and different considerations at issue. Moreover, GEICO "settled" the case on behalf of the driver through a proposal for settlement procedure, and Plaintiff is well-aware of this fact. There simply is no justification to allow Plaintiff to rummage through GEICO's and its attorneys' files and obtain the broad discovery she seeks when she already knows full well what happened below.

Finally, even if the documents sought from GEICO and its attorneys were relevant and proportional (and the Court finds that they are not), the subpoenas at issue are still overbroad and

---

[3] In finding that the discovery sought is disproportionate, the Court has carefully considered all of the factors affecting proportionality under Rule 26(b)(1).

unduly burdensome and would raise serious issues of work-product and attorney-client privilege. This is especially problematic in light of the fact that GEICO is a non-party, discovery has closed, and the dispositive motion deadline is fast approaching.

In sum, GEICO has shown good cause for an order granting its Motion. The Court will sustain GEICO's and its attorneys' objections, quash the subpoenas served on GEICO and its counsel, and enter a protective order. GEICO and its attorneys shall not be required to produce any documents to Plaintiff in response to the subpoenas.

## VII.   CONCLUSION

Accordingly, after carefully weighing and balancing the parties' respective interests for and against the imposition of a protective order and after carefully considering Rule 45, Rule 26(b)(1), and other applicable rules and law, the Court finds that GEICO and its attorneys have demonstrated good cause for a protective order which outweighs Plaintiff's asserted interests. The Court therefore **SUSTAINS** Non-Party Geico's (and its attorneys) Objection to Plaintiff's Notice of Production from Non-Party and **GRANTS** GEICO's Motion to Quash Subpoena and/or Motion for Protective Order [DE 46]. Neither GEICO nor its attorneys shall be required to produce any of the documents covered by the subpoenas.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of December, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge